**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| SUKHWINDER SINGH, | No. 13-70101 |
| Petitioner, | Agency No. A088-548-940 |
| v. | |
| ERIC H. HOLDER, Jr., Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted November 18, 2014[**]

Before:     LEAVY, FISHER, and N.R. SMITH, Circuit Judges.

Sukhwinder Singh, a native and citizen of India, petitions for review of the

Board of Immigration Appeals' ("BIA") order dismissing his appeal from an

immigration judge's decision denying his application for asylum, withholding of

removal, and protection under the Convention Against Torture ("CAT"). Our

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

jurisdiction is governed by 8 U.S.C. § 1252.  We review for substantial evidence the agency's factual findings, *Gonzalez-Hernandez v. Ashcroft*, 336 F.3d 995, 998 (9th Cir. 2003) and we deny in part and dismiss in part the petition for review.

Substantial evidence supports the agency's finding that even though Singh suffered past persecution, Singh's presumption of a well-founded fear of future persecution was rebutted by evidence that he can reasonably relocate to another part of India.  *See Melkonian v. Ashcroft*, 320 F.3d 1061, 1070 (9th Cir. 2003) (presumption is overcome where a preponderance of the evidence shows "that the applicant can reasonably relocate internally to an area of safety"); *Gonzalez-Hernandez*, 336 F.3d at 999 (a period of relocation without harm is "highly relevant").  We reject Singh's contention that the agency mischaracterized the background documentation.  *See Gonzalez-Hernandez*, 336 F.3d at 1000-01 (agency may rationally construe "an ambiguous or somewhat contradictory country report").  Further, Singh fails to overcome the presumption that the agency reviewed the evidence.  *See Larita-Martinez v. INS*, 220 F.3d 1092, 1095-96 (9th Cir. 2000).  Thus, Singh's asylum claim fails.

Because Singh did not demonstrate eligibility for asylum, it follows that he did not satisfy the more stringent standard for withholding of removal.  *See Zehatye v. Gonzales*, 453 F.3d 1182, 1190 (9th Cir. 2006).

13-70101

Substantial evidence also supports the agency's denial of CAT relief because Singh failed to demonstrate it is more likely than not he will be tortured by or with the consent or acquiescence of the government if returned to India. *See Silaya v. Mukasey*, 524 F.3d 1066, 1073 (9th Cir. 2008).

Finally, we lack jurisdiction to review Singh's contention that he is eligible for humanitarian asylum because he failed to raise it before the BIA. *See Barron v. Ashcroft*, 358 F.3d 674, 678 (9th Cir. 2004).

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**