NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

MAY 20 2022

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| SUKHWINDER SINGH, | No. 15-72004 |
| Petitioner, | Agency No. A088-548-940 |
| v. | |
| MERRICK B. GARLAND, Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted May 17, 2022**

Before: CANBY, TASHIMA, and NGUYEN, Circuit Judges.

Sukhwinder Singh, a native and citizen of India, petitions for review of the

Board of Immigration Appeals' ("BIA") order denying his motion to reopen

proceedings.

Our jurisdiction is governed by 8 U.S.C. § 1252. *See Garcia v. Lynch*, 798

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

F.3d 876, 880 (9th Cir. 2015). We review for abuse of discretion the denial of a motion to reopen. *Cano-Merida v. INS*, 311 F.3d 960, 964 (9th Cir. 2002). We dismiss the petition for review in part and deny in part.

We previously denied Singh's petition for review of the agency's decision that he was not eligible for asylum, withholding of removal, or protection under the Convention Against Torture. *Singh v. Holder*, 586 F. App'x 318 (9th Cir. 2014) (unpublished). To the extent that Singh now seeks additional review of that decision, we lack jurisdiction to consider his contentions. *Stone v. INS*, 514 U.S. 386, 405 (1995) ("[A] deportation order is final, and reviewable, when issued.").

The BIA did not abuse its discretion by denying Singh's motion to reopen. First, as the BIA determined, Singh did not introduce new evidence that would likely have changed the outcome of his case, and no exception to the filing deadline for his motion to reopen otherwise applies. 8 U.S.C. § 1229a(c)(7)(C); 8 C.F.R. § 1003.2(c)(3); *Young Sun Shin v. Mukasey*, 547 F.3d 1019, 1025 (9th Cir. 2008) (applicants who seek to "reopen proceedings to pursue relief bear a 'heavy burden' of proving that, if proceedings were reopened, the new evidence would likely change the result in the case" (quoting *Matter of Coelho*, 20 I. & N. Dec. 464, 473 (BIA 1992))). Second, the record does not support Singh's contention that the BIA failed to consider the evidence he submitted in support of his motion. *See Feng Gui Lin v. Holder*, 588 F.3d 981, 987 (9th Cir. 2009) ("[A]lthough the

BIA must consider a petitioner's evidence of changed country conditions, it need not expressly refute on the record every single piece of evidence.").

The temporary stay of removal remains in place until issuance of the mandate.

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**